State ex v. Capitol City Racing Co. OS. Pend. 3 Abs. 421; Dock. 19140, 5-12-25, 3 Abs. 329; evid. ord. taken by dep. 3 Abs. 659.

State ex v. Brown. 'OS. 3 Abs. 675; Dock. 19330, 8-15-25, 3 Abs. 530; mo. to strike from ans. ov. 3 Abs. 674.

State ex v. Deckebach, Aud. OS. 644; Dock. 19154, 5-18-25, 3 Abs. 341; Jud. for Deckebach; 3 Abs. 643.

State ex v. Faust. OS. 3 Abs. 660; Dock. 19338, 8-25-25, 3 Abs. 546; writ in man. all. 3 Abs. 659.

State ex v. Gabel. OS. 3 Abs. 643; Dock. 19364, 9-28-25, 3 Abs. 610; writ in mand. den. 3 Abs. 642.

State ex v. Gabel. OS. 3 Abs. 643; Dock. 19364, 9-28-25, 3 Abs. 610; writ in man. all. 3 Abs. 659.

Strauss v. Metropolitan Stores. OA. 3 Abs. 415; Dock. 19229, 6-29-25, 3 Abs. 417; mo. to cer. ov. 3 Abs. 675.

Surman v. Surman. OA. 3 Abs. 395; Dock. 19194, 6-9-25, 3 Abs. 386; mo. to cer. all. 3 Abs. 643.

Thayer, ex parte. OA. 3 Abs. 688; Dock. 19186, 6-4-25, 3 Abs. 377; mo. to cer. all. 3 Abs. 643.

Willard Candy Co. v. Jones. OS. Pend. 3 Abs. 562; Dock. 19269, 7-16-25, 3 Abs. 451; mo. to cer. ov. 3 Abs. 723.

Wilson v. Keenan. OA. 3 Abs 445; Dock. 19191, 6-29-25, 3 Abs. 377; mo. to cer. ov. 3 Abs. 659.

Youghiogheny Coal Co. v. Paszka. OS. Pend. 3 Abs. 454; Dock. 19206, 6-14-25, 3 Abs. 386; mo. to cer. ov. 3 Abs. 643.

---

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

Published in This and Last Week's Abstract

### DIGEST OF OPINIONS

**27. ACTION.**

Sections 9510-3 and 9510-4 GC. are not limited to actions brought by persons injured, in sense that he himself received injury and suffered damage or loss. Nadler v. New Amster. Cas. Co. Com. Pl. 3 Abs. 752.

**127. BANKRUPTCY.**

Motion for new trial in bankruptcy proceedings must be filed with referee in bankruptcy and not in common pleas court, when proceedings were had in referee's court. Borzykowski v. Ind. Fibre Co. OA. 3 Abs. 749.

**147. BILLS AND NOTES.**

1. Holder of note must make a presentation to maker before he can hold indorser.

2. Presentment is only excused by circumstances beyond control of holder. Crawford v. Humphrey. OA. 3 Abs. 730.

**225. CHARGE TO JURY.**

When agent, in contract, agrees to become responsible for equipment, and there is claimed to be leakage of gasoline, causing shortage in accounts, court should not charge on negligence of either principal or agent as to leakage; but should interpret contract as a matter of law. Johnson Oil Co. v. Burkhart et. OA. 3 Abs. 747.

**297. CONTRACT.**

1. The cause of action, where failure of common carrier to notify shipper of non-delivery within reasonable time, is for a breach of contract.

2. The liability of carrier is not altered after entering into a contract, by entrusting performance to another. Davis v. Oswald & Taube. OS. 3 Abs. 740.

A contract to deliver a clear, free and unincumbered title is interpreted to mean a marketable title. Hefferson v. Wuest. Cin. Sup. Ct. 3 Abs. 753.

Construction of for purpose of ascertaining damages.

---

## Weekly Abstract of
## PENDING CASES

No. 992

### KATZ v. STOTTER-HABER CO.

No. 19400. Supreme Court.

On motion to certify. Dock. Nov. 2, 1925; 3 Abs. 690.

**257. COMMISSION—Is a mere volunteer entitled to commission, if there is no contract of employment, express or implied?**

This action was instituted by Irving Haber against Abraham Katz in the Cleveland Municipal Court to recover commission alleged to have been earned by Haber in the procurement of a purchaser of property belonging to Katz. Judgment in the Municipal Court was in favor of Haber and it was affirmed on error proceedings by the Court of Appeals.

The case is taken to the Supreme Court and it is claimed by Katz that the judgment rendered in favor of Haber in both courts was so done without the submission by him of any evidence tending to show any employment whatever and also without any evidence of stipulated terms of sale and purchase with the alleged purchaser and likewise without any evidence that the alleged purchaser was ready, willing and able to purchase the property in question.

It is claimed by Katz that Haber sought to purchase the property for a client who was his brother, both being associated with the Cleveland United Realty Co., the said Irving Haber being the manager of this corporation. It is further claimed that Katz did not want to sell the property at all and was not in the market, thus showing, it is urged, that the Haber brothers were co-operating together for their mutual benefit with out disclosing to Katz that nominally at least, each one belonged to a company of his own in order to carry out their joint plans, as speculators, of prevailing upon some owner to sacrifice his property in a desired locality.

It is alleged by Katz that if services were rendered without employment express or implied, as a mere volunteer and without acceptance under the circumstances named, there can be no recovery. Katz claims that Haber performed no services under any employment by him, and that nothing was ever said on the subject of commission.

It is claimed that the right of a broker to compensation rests upon contract express or implied and that the burden is upon him to show that his services were rendered under employment by the principal or that the principal accepted his agency and his acts, under circumstances indicating that he knew the services had been rendered on his account; and while the agent was relying on the principal's obligation to pay him. If his services were rendered without employment, expressed or implied, as a mere volunteer and without acceptance under the circumstances named, he cannot recover.

Attorneys—Joseph C. Bloch and Horace Neff for Katz; Lieghley, Halle, Haber and Berick for Stotter-Haber Co.; all of Cleveland.